**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VIRGINIA MARDIS,

      Plaintiff-Appellant,

v.

CENTRAL NATIONAL BANK &
TRUST OF ENID, a National Banking
Association,

      Defendant-Appellee.

No. 98-6056
(D.C. No. 97-CV-545)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an action brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654 (Supp. 1998). Appellant Virginia Mardis contends that her employer, Central National Bank & Trust (Bank), interfered with her rights under the Act by conditioning her receipt of FMLA leave on her forfeiture of accrued employment benefits. See id. §§ 2615(a), 2617. She also claims that the Bank constructively terminated her employment. Mardis appeals from the district court's order granting summary judgment to the Bank on both claims, and denying her motion for summary judgment. We affirm in part, reverse in part, and remand for further proceedings.

The facts, taken in the light most favorable to Mardis, are as follows. The Bank employed her at its Blackwell, Oklahoma branch from August 31, 1991 until July 7, 1995. In 1995, Mardis's husband was diagnosed with multiple sclerosis and diabetes. From April 11 through May 22, 1995, Mardis missed six full days and three partial days of work.

On May 24, 1995, Mardis met with her supervisor and a human resources official concerning her absences. According to Mardis's version of this meeting, she was instructed that she would be required to take all future leaves of absence for her or her husband's illnesses as FMLA leave. Her nineteen accrued and fully vested paid vacation days, earned in 1994, along with her fifty-two earned days of

sick leave, were forfeited.  Her planned vacation for July 1995 was canceled.  The Bank indicated it would reevaluate her situation in late October 1995.

Mardis claims that the Bank tendered to her a form to sign which would place her on FMLA leave.  This form does not appear in the record.  The Bank told her she must sign the FMLA form or risk termination of her employment.  Instead, she resigned.  Bank officials tried to persuade Mardis to reconsider her decision to resign.  She refused, however, saying that "the bank will not own my life."  Appellee's Supp. App. at 32.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review the district court's grant of summary judgment de novo, applying the same standard as it applied.   See McKnight v. Kimberly Clark Corp.   , 149 F.3d 1125, 1128 (10th Cir. 1998).  This standard requires us to examine the record in order to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the district court correctly applied the substantive law.       See id.  In doing so we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.      See id.  Where the nonmovant will bear the burden of proof at trial on a dispositive issue, however,

that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment.      See id.

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."  29 U.S.C. § 2615(a)(1).  The district court found that the Bank did not interfere with Mardis's attempt to exercise her rights under the FMLA, because she did not avail herself of those rights by actually applying for leave.

The district court's reasoning misses the thrust of Mardis's claim. She argues that the Bank interfered with the attempted exercise of her rights by conditioning her application for leave on forfeiture of her vested rights to vacation and sick leave.  While the FMLA does not define "interference," the Department of Labor regulations provide that it includes situations where the employer discourages the employee from applying for leave:

> Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act.  "Interfering with" the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave,   but discouraging an employee from using such leave.

29 C.F.R. § 825.220(b) (emphasis added).

-4-

We give deference to the Department of Labor's construction of the FMLA, expressed through this regulation. See Martinez v. Flowers, 164 F.3d 1257, 1259 (10th Cir. 1998). Informing an employee that she would be irrevocably deprived of all accrued sick leave and annual leave as a condition of taking leave under the FMLA would operate as a powerful disincentive to assertion of that employee's rights under the FMLA. This is true regardless of whether she actually applied for leave and subjected herself to the unwarranted consequences announced by the employer. We conclude that the actions alleged here fall within the definition of interference with an attempt to assert FMLA rights. See Dawson v. Leewood Nursing Home, Inc., 14 F. Supp. 2d 828, 832 (E.D. Va. 1998) (to establish prima facie case under § 2615(a)(1), plaintiff must show "that she is entitled to the protections of the FMLA and that her employer interfered with, restrained, or denied the exercise of her rights under the Act.").

It is, however, hotly disputed as a factual matter whether the Bank actually threatened Mardis with irrevocable loss of her accrued vacation and sick leave. The record provides no clear guidance on this issue. Mardis stated in her deposition that Bank officials told her that she would lose her unused vacation and sick leave outright as a condition of taking FMLA leave. She admitted, however, that a reevaluation of her situation was scheduled for October 1995.

It is not entirely clear what was to be reevaluated in October 1995. Mardis stated that her vacation and sick leave were gone for good and that the reevaluation was only to check on her husband's health. Elsewhere in her deposition, however, she stated that it was possible that she might receive some of her unused vacation leave back as a result of the reevaluation. Still elsewhere, she indicated that she would get all the unused vacation leave back after reevaluation, but that she might not be able to use it because of the Bank's vacation seniority and "use it or lose it" policies. [1]

In short, material issues of fact remain on this record. Unless it can be determined what specific consequences were presented to Mardis for exercising her rights under the FMLA, neither party is entitled to summary judgment on her interference claim. Threatening an employee with absolute forfeiture of accrued but unused vacation and sick leave might indeed establish a violation of the FMLA, if it discouraged the employee from applying for FMLA leave. [2] Mere

---

[1]     There is evidence the Bank told her it would consider an exception to "use it or lose it" in her case. There is nothing in the record about returning unused sick leave, however.

[2]     Mardis also included a claim for interference with her exercise of accrued benefit rights. See 29 U.S.C. § 2614(a)(2) ("The taking of leave under section 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced."); § 2611(5) (defining "employment benefits" which may not be lost to include sick leave and vacation leave). If it can be shown on remand that Mardis resigned before she actually lost any of these benefits, summary judgment would be appropriate for the Bank on

(continued...)

postponement of a scheduled vacation and temporary restriction of use of vacation leave, however, with no ultimate loss of accrued benefits, would likely not constitute actionable discouragement. The facts suggest that either of these scenarios, or something in between, could have occurred. [3]

The district court's denial of Mardis's motion for summary judgment is AFFIRMED. The district court's grant of the Bank's motion for summary judgment is REVERSED and the case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2](...continued)
that particular claim.

[3]    The resolution of this factual dispute may also have an impact on Mardis's claim for constructive termination.